**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**UNITED STATES of AMERICA,**

v.                                                                     Criminal No. 2:90cr105-6

**FRANKLYN EARL BANNERMAN,**

        **Defendant.**

**OPINION and ORDER**

This matter is before the Court on Franklyn Earl Bannerman's ("Defendant" or "Bannerman") Motion under Former Rule 35(a) of the Federal Rules of Criminal Procedure ("Former Rule 35(a)"). Docs. 59, 66.[1] For the reasons that follow, the Court **DENIES** Defendant's Motion.

I. FACTUAL AND PROCEDURAL HISTORY[2]

On September 26, 1990, a fifty-seven count Indictment against Defendant and several co-defendants was filed in open court. Defendant was charged under Counts 1, 12, 15, 18, 56, and 57 of the Indictment.

Count 1 charged Defendant and his co-defendants with Conspiracy to Distribute and

---

[1] Document numbers are not available for entries made on or prior to July 15, 2005; references to "Doc." refer to entries made on the Court's electronic docket after July 15, 2005. See Docket No. 2:90cr105-6.

[2] This history does not reflect the complete factual and procedural history as to Defendant, but only those events relevant to the present motion.

Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine, from on or about January 1985 up to and including the date of the Indictment, in violation of 21 U.S.C. § 846. Indictment at 2-15. Defendant was specifically named in relation to overt acts in furtherance of the conspiracy on or about Spring 1987, April 1987, September 1989, and April 1990. Id. at 8-9, 14-15. These overt acts involved, inter alia, the possession of five kilograms of cocaine, and a conversation about importing one thousand kilograms of cocaine. Id.

Count 12 charged Defendant with Interstate Travel in Aid of Narcotics Distribution on or about the Spring of 1987, in violation of 18 U.S.C. § 1952(a)(3). Id. at 21.

Count 15 charged Defendant with Possession with Intent to Distribute approximately five kilograms of Cocaine on or about Spring 1987, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Id. at 22.

Count 18 charged Defendant with aiding and abetting the unlawful Production of a False United States Identification Card on or about April 14, 1987, in violation of 18 U.S.C. §§ 2 and 1028(a)(1). Id. at 24.

Count 56 charged Defendant with Interstate Travel in Aid of Narcotics Distribution on or about September 1989, in violation of 18 U.S.C. § 1952(a)(3). Id. at 42.

Count 57 charged criminal forfeiture as to all defendants pursuant to 21 U.S.C. § 853. Id. at 42-44.

On February 12, 1991, a jury found Defendant guilty of Counts 1, 15, and 18. Docket No. 2:90cr105-6 at 5. Defendant was acquitted on Counts 12 and 56, and no forfeiture was ordered under Count 57. Id. On May 1, 1991, the Court sentenced Defendant to two hundred sixty-four (264) months' imprisonment and five (5) years' supervised release as to Count 1;

fifteen to thirty (15-30) years in the custody of the Attorney General and five (5) years' supervised release as to Count 15; and five (5) years in the custody of the Attorney General and three (3) years' supervised release as to Count 18, all to run concurrently. Id. Defendant was not sentenced under the United States Sentencing Guidelines ("Guidelines") on Counts 15 and 18, because these offenses concluded prior to November 1, 1987, the effective date of the Guidelines. As Count 1 charged Defendant with a conspiracy that continued past the effective date of the Guidelines, Defendant was sentenced according to the Guidelines on Count 1. The Court entered its judgment as to Defendant on May 3, 1991. Id.

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Defendant's conviction and sentence on September 4, 1992, and entered its judgment on October 19, 1992. Docket No. 2:90cr105-6 at 6. The Supreme Court of the United States denied Defendant's petition for a writ of certiorari on February 22, 1993. Bannerman v. United States, 507 U.S. 944 (1993). On March 14, 1997, Defendant filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255"), which the Court considered on its merits, denied, and dismissed on February 16, 1999.[3] Docket No. 2:90cr105-6 at 7. Additionally, the Fourth Circuit denied Defendant's motion pursuant to 28 U.S.C. § 2244 ("§ 2244") for authorization to file a successive § 2255 motion. Doc. 58 (Order dated August 2, 2006).

On August 9, 2006, Bannerman filed his Motion Pursuant to Federal Rules of Criminal

---

[3] Petitioner's § 2255 was timely in light of the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998) (holding that a 28 U.S.C. § 2254 ("§ 2254") or § 2255 petition or motion filed on or before April 23, 1997, which was one year from the enactment of the AEDPA, complied with the AEDPA's statute of limitations regardless of when a petitioner's judgment of conviction became final).

Procedure 35(a) to Correct an Illegal Sentence.  Doc. 59.  On November 15, 2006, Defendant amended his motion to contest only Counts 15 and 18 of the Indictment.  Doc. 66.  In Defendant's Motion and Reply, Defendant contests the sentences under those counts as illegal sentences.  Docs. 66 (Motion), 86 (Reply).  The Government filed its Response to Defendant's Motion on March 22, 2007.  Doc. 85.

## II.  LEGAL AUTHORITY AND ANALYSIS

Defendant asserts his sentence was inappropriately imposed without reference to the Guidelines, is illegal on its face, and ran afoul of the rule set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Docs. 66, 86.  Regardless of whether Defendant's motion is considered as a motion contesting an "illegal sentence" under Former Rule 35(a), an assertion that the sentence was imposed in an "illegal manner" under Former Rule 35(a), or a claim pursuant to § 2255, Defendant's argument is without merit.

### A.  Former Rule 35(a) Motion Contesting an "Illegal Sentence"

Former Rule 35(a) provides, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [, which is 120 days]."  FED. R. CRIM. P. 35(a) (1985); United States v. Rivera, 376 F.3d 86, 91-92 (4th Cir. 2004).  This rule applies only to those offenses completed prior to November 1, 1987.  Rivera, 376 F.3d at 91-92; United States v. Landrum, 93 F.3d 122, 125 (4th Cir. 1996) (citations omitted).  Additionally, the Fourth Circuit has cautioned, respecting "review of sentences," that "[w]here the sentence is within the limit set by the statute, we are barred, except in the most exceptional circumstances, from any inquiry we might

otherwise be inclined to make." United States v. Lewis, 392 F.2d 440, 443 (1968) (citation omitted).

      1. *Application of Former Rule 35(a) Claims Contesting "Illegal Sentences"*

Courts have been specific in defining both what may and may not be considered under Former Rule 35(a) regarding an alleged "illegal sentence."

Respecting what is properly considered, "a [former] Rule 35(a) motion challenging an illegal sentence may be brought only when the sentence imposed exceeds that statutorily-authorized limits, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory." United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992) (citations omitted); United States v. Hill, 368 U.S. 424, 430 (1962); United States v. Little, 392 F.3d 671, 677, 677 n.9 (4th Cir. 2004) (citations omitted); United States v. Collins, 95 Fed. Appx. 505, 506 (4th Cir. 2004) (unpublished); United States v. Jackson, 119 Fed. Appx. 552, 553 n.1 (4th Cir. 2005) (unpublished). Therefore, where a Former Rule 35(a) motion does not assert the sentence "exceeds statutory maximums, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory," the motion is properly denied. Collins, 95 Fed. Appx. at 506.

Accordingly, Former Rule 35(a) does not consider claims "that the conviction underlying a sentence is infirm." Little, 392 F.3d at 678 (citation omitted). Certain other arguments are not cognizable under Former Rule 35(a), such as "contentions regarding the jury instructions and the alleged failure to arraign [the defendant] pursuant to a superceding indictment." United States v. Arzola-Amaya, 194 Fed. Appx. 231, 232 (5th Cir. 2006) (unpublished), cert. denied, 127 S. Ct. 1139 (2007). Also, failure of the court to ask a defendant whether he "personally wished to make a statement in his own behalf" at the time of sentencing is not an error properly raised

under Former Rule 35(a). Machibroda v. United States, 368 U.S. 487, 489 (1962) (citation omitted). "[T]he unconstitutionality of the statute underlying the conviction is not a matter that can be addressed in a [Former] Rule 35(a) motion." United States v. Peltier, 446 F.3d 911, 914 (4th Cir. 2006).

### 2. *Application of the Sentencing Guidelines*

Defendant concedes "the [sentencing] guidelines took effect on November 1, 1987, and apply to all offenses committed on or after that date." Doc. 66 at 3. The Court and the Government agree. Doc. 85 at 1; Rivera, 376 F.3d at 88. Accordingly, Defendant was appropriately sentenced on Counts 15 and 18, for offenses that transpired prior to November 1, 1987, without reference to the United States Sentencing Guidelines ("Guidelines"). Rivera, 376 F.3d at 88. As such, Defendant's argument to the contrary is without merit.

Moreover, this assertion is not cognizable under Former Rule 35(a) regarding an "illegal sentence" claim, as it does not assert the "sentence imposed exceeds that statutorily-authorized limits, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory." Pavlico, 961 F.2d at 443 (citations omitted); Hill, 368 U.S. at 430; Little, 392 F.3d at 677, 677 n.9 (citations omitted).

### 3. *Apprendi Claim and Allegedly Illegal Sentences*

Defendant contests his sentences under Counts 15 and 18 as "illegal," and imposed in derogation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Doc. 66, 86.

Regarding Count 15, the maximum term of incarceration for an offense involving five kilograms of cocaine, as charged in the indictment, was forty (40) years. 21 U.S.C. § 841(a)(1) (1987); Indictment at 22. As Defendant was sentenced to fifteen to thirty (15-30) years

incarceration, his sentence does not exceed the statutory maximum. See Docket No. 2:90cr105-6 at 5.

Respecting Count 18, the maximum term of incarceration for the crime involving a United States military identification card, as charged in the indictment, was five (5) years. 18 U.S.C. § 1028(a)(1) and (2) (1987); Indictment at 24. Because Bannerman was sentenced to five (5) years, his sentence does not exceed the statutory maximum. See Docket No. 2:90cr105-6 at 5.

Accordingly, neither the sentence under Count 15, nor the sentence imposed on Count 18, are illegal sentences, as they are within the statutory limits.

Moreover, Apprendi is not implicated if the Defendant was sentenced within the statutory limits. United States v. General, 278 F.3d 389, 393-94 (4th Cir. 2002). Therefore, his Apprendi claim, if properly considered under Former Rule 35(a), fails as well. See Harris v. United States, No. 2:88cr76, 2005 U.S. Dist. LEXIS 37526 at *8, 14-15 (E.D. Va. June 14, 2005) (Friedman, J.); United States v. Boardley, 20 Fed. Appx. 165, 165 (2001) (unpublished) ("Assuming without deciding that an Apprendi claim is cognizable in a motion brought under former Rule 35(a)" before affirming that no Apprendi violation was shown).

Bannerman does not claim that his sentence is imposed in violation of the Double Jeopardy Clause, or that it is ambiguous or internally contradictory. Docs. 66, 86.

Therefore, Defendant's claim is without merit under Former Rule 35(a), because his sentence does not exceed the statutory maximum, and he does not claim it violates the Double Jeopardy Clause, or is ambiguous or internally contradictory.

B. <u>Former Rule 35(a) Motion Contesting a Sentence Imposed in an "Illegal Manner"</u>

The Court notes that if Defendant's claim is properly construed as "a challenge to a legal sentence illegally imposed . . . the motion is time barred by the 120-day time limit." <u>Pavlico</u>, 961 F.2d at 443; Docket No. 2:90cr105-6 at 6 (showing February 22, 1993 as the triggering date for the 120-day time limit); Former Rule 35(a) (stating, in relevant part, "within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation"). This 120-day time limit is jurisdictional. <u>Pavlico</u>, 961 F.2d at 443 (citing <u>United States v. Addonizio</u>, 442 U.S. 178, 189 (1979)); <u>James v. United States</u>, 70 Fed. Appx. 112, 112 (4th Cir. 2003) (unpublished). Therefore, the Court is without jurisdiction to consider the present motion, if properly construed as an argument contesting the sentence as imposed in an illegal manner.

C. <u>28 U.S.C. § 2255</u>

"A second or successive motion [under § 2255] must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255; 28 U.S.C. § 2244. Defendant has previously filed a motion under § 2255. <u>See</u> Docket No. 2:90cr105-6 at 7. It is worth noting the similarity between this case and that which the Fourth Circuit considered in <u>United States v. Grandison</u>, 85 Fed. Appx. 320 (4th Cir. 2003) (unpublished). In <u>Grandison</u>, the Fourth Circuit considered a defendant's assertion under Former Rule 35(a) that "his sentence violates the rule of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the indictment did not charge" an element of the offense subsequently found by a judge, which allowed the imposition of a greater sentence. 85 Fed. Appx. at 321. The Fourth Circuit determined "the motion Grandison filed in the district court is best characterized as attempt to file a successive § 2255 motion," while noting the

defendant's direct appeal had concluded and that his two previous § 2255 motions had been denied. Grandison, 85 Fed. Appx. at 321.

As this motion, if appropriately construed under § 2255, would be a second or successive motion, this Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 202, 205 (4th Cir. 2003) (citation omitted).

### III. CONCLUSION

Accordingly, Defendant's motion, whether considered a motion under Former Rule 35(a) to correct either an illegal sentence or a sentence imposed in an illegal manner, or a § 2255 claim, is without merit. Therefore, for the reasons stated herein, Defendant's Motion under Former Rule 35(a) is **DENIED**.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within ten (10) days from the date of this Opinion and Order. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of Record for the United States, and the Defendant.

It is so **ORDERED**.

/s/
*Henry Coke Morgan, Jr.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 16, 2007